UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EDWARD WELCH, et al., ) | CASE NO. 1:12 CV 2238 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

INTRODUCTION

This *in forma pauperis* prisoner *pro se* action was filed by 41 inmates incarcerated in various correctional institutions in South Carolina.[1] The document initiating the case (ECF Doc #1) has the preprinted word "Complaint" on the front page, but also contains the follow handwritten titles: "Petition to Remove, Motion to Consolidate, Motion for Protective Order Due to Threat of Imminent Danger," "Land Appropriation and International Human Rights Claims," and "Extra Territorial Jurisdictions with Public Juris Claims Class Action Attached." The aforementioned document, hereafter referred to as "the Complaint," names 120 defendants, who appear to have been chosen almost at random. These include, among others, a district judge and former district judge of this Court (Judge Benita Y. Pearson and Judge Kathleen M. O'Malley), two entire federal circuit courts

---

[1] There are 40 plaintiffs listed in the docket but 41 plaintiff signatures, many illegible, attached to the 92 page Complaint.

of appeals (the United States Courts of Appeals for the Third Circuit and for the Seventh Circuit), a well-known island nation (Great Britain), a kingdom (Saudi Arabia), many, many judges and states of the union, a number of American counties (and departments located within those counties), most of Western Europe (by country), major financial institutions (e.g., JP Morgan Chase), "192 Member States of the United Nations,"[2] the United States Departments of Justice and Treasury, the Nation of Islam and Minister Louis Farrakhan, and George Bush, Jr.[3]

Plaintiff Lawrence L. Crawford, who also identifies himself as "Jonah Gabriel JahJah T. Tishbite, King, Khalifah, High Priest, Prophet and Imam of the Reestablished Global Theocratic State"[4] (hereafter "Mr. Crawford"), has filed the following two motions since the filing of this case: Motion and/or Affidavit of Facts Seeking a Protective Order and/or Injunction (ECF Doc # 8) and Motion for Extension of Time to File Additional Documents (ECF Doc 10).  For the reasons stated below, these and all other pending motions are denied, and this action is dismissed.

## COMPLAINT

The Complaint is a 92 page handwritten document containing a series of run-on sentences which are often incomprehensible.  Jurisdiction is broadly premised upon "extra territorial jurisdiction in that once the King of the North, Al Mahdi, the Khalifah of Allah, the forerunner to God's Christ and Messiah was framed behind religious hatred."  Mr. Crawford, the "lead litigator," takes this sort of thematic approach throughout the pleading, bouncing back and forth among various grievances, including but not limited to:  the indictment process in state and federal courts; the

---

[2] South Sudan became the 193rd member in July 2011; there is no indication in the Complaint if Plaintiffs intended to exempt that nation.

[3] Plaintiffs are apparently here referring to the 43rd President of the United States, George W. Bush.

[4] See the instant case, for example, ECF Doc # 1, p.4 and ECF Doc # 2, p.4, and the Decision and Order in *Strozier v. The United States*, Northern District of New York Case No. 9:12 CV 333 (Sept. 4, 2012).

dismissal of a 28 U.S.C. 2241 action he filed in this Court in 2009; the inapplicability to him of the "3 strikes" provision in 28 U.S.C. § 1915g, despite summary dismissal of a large number of cases he has filed in district courts throughout the country; and the purported unfair treatment he has received from the United States District Court for the Northern District of New York regarding that Court's Case No. 9:12 CV 333 - a case which is, in all material respects, the same as the instant case.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[5] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

---

[5] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

DISCUSSION AND ANALYSIS

As a threshold matter, even construing the Complaint liberally in a light most favorable to the Plaintiffs, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting they might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Further, there is no basis on which proper venue in this Court might exist. The naming of sitting and former district judges here whose decisions Mr. Crawford disagrees with, and who are absolutely immune from liability - *see, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 9 (1991) - cannot form that basis. Moreover, as the Complaint is devoid of allegations that might give rise to a valid claim for relief under the *Twombly/Iqbal* standard,[6] it would obviously not be in the "interest of justice" to transfer the case to any other court. *See* 28 U.S.C. §§ 1404, 1406.

Finally, to the extent Plaintiffs are seeking to "remove" *Strozier v. The United States*, Northern District of New York Case No. 9:12 CV 333, there is no legal basis to do so, and that case was dismissed on September 4, 2012 in any event.[7]

CONCLUSION

Accordingly, this action is dismissed under section 1915(e). Further, Plaintiffs are hereby forewarned that this Court will not entertain any postjudgment motions in this case. In this connection, given the substantial absorption of the Court's resources, human and otherwise, occasioned by this case, the filing of any more patently frivolous lawsuits in this Court by any of these Plaintiffs will result in an order enjoining them from filing cases here without first seeking

---

[6] *See also*, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (complaint is frivolous when it "rise[s] to the level of the irrational or wholly incredible").

[7] The *Strozier* Court's September 4, 2012 Decision and Order notes that the case it was dismissing was similar to cases filed by Mr. Crawford in federal district courts in Illinois, California, and New Jersey.

and obtaining leave of court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 11/5/12